UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CARPENTERS' PENSION FUND     *
OF BALTIMORE, MARYLAND et al.,   *
         *
    Plaintiffs        *
         *
    v.        *    CIVIL NO. L-07-1414
         *
TAO CONSTRUCTION COMPANY,    *
INC. et al.,        *
         *
    Defendants      *
         *******

MEMORANDUM

This is an action to collect delinquent contributions owed to several pension funds by Tao Construction Company, Inc. ("Tao"). Now pending are motions to quash writs of garnishment filed by Pharaoh Building and Construction LLC ("Pharaoh LLC") (Docket No. 32) and the Maryland Department of Health and Mental Hygiene (the "Department") (Docket No. 33). No hearing is necessary to decide this matter. See Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the Court will, by separate Order of even date DENY Pharaoh LLC's motion (Docket No. 32) and DIRECT further briefing on the Department's motion.

I.    **Background**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Plaintiffs are several employee benefit and multiemployer plans as defined by ERISA. In 2007, the Plaintiffs filed suit to collect delinquent contributions owed by Tao to the plans.

Tao's answer was due on July 2, 2008. No answer having been filed, the Plaintiffs filed a motion for judgment by default on August 12, 2008. The Court held a hearing on the motion for

judgment by default on October 17, 2008.  No representative of Tao appeared at the hearing, and the Court issued judgment by default in favor of the Plaintiffs and in the amount of $16,140.64.

On May 4, 2010, the Plaintiffs filed a request for a writ of garnishment, and the Clerk of the Court issued a writ of garnishment as to property of "Tao Construction Co., Inc. d/b/a Pharoah Building and Construction."  Subsequently, Pharaoh LLC and the Department filed the instant motions to quash.

## II.    Analysis

A garnishment proceeding is an action brought against a third party, the garnishee, "who holds assets of the judgment debtor."  Fico, Inc. v. Ghingher, 287 Md. 150, 159 (1980).  The purpose of a garnishment proceeding is to determine "whether the garnishee has any funds, property or credits which belong to the judgment debtor."  Id.  A garnishment can only reach funds or property that belong to the judgment debtor and are held by the garnishee.  Shanks v. Lowe, 364 Md. 538, 543 (Md. 2001).

Here, Tao is the judgment debtor.  The Plaintiffs requested the instant writs because they believed that the Department owes funds to Pharaoh LLC, whom the Plaintiffs believe to be an alter ego of Tao.

The garnishees' motions to quash rest on two distinct grounds.  Pharaoh LLC argues that it is a separate entity from Tao, and therefore, that its funds cannot be garnished by the Plaintiffs. The Department argues that its funds are not subject to garnishment under the principles of sovereign immunity and the State's public policy against attachment.  The Court will address each of the motions in turn.

## A.      Pharaoh LLC's Motion

Pharaoh LLC contends it is a separate and distinct entity from Tao.  Despite this representation, there are several important connections between Pharaoh LLC and Tao.  First, there is the obvious similarity between Pharaoh LLC's name and Tao's trade name, Pharoah Building and Construction.  Second, Kamose Muhammad has served as Chief Executive Officer of both Tao and Pharaoh LLC.  Third, Pharaoh LLC was incorporated in January 2008, while the instant suit was pending.  Given these facts, the Plaintiffs argue that Pharaoh LLC is liable for the debts of Tao as an alter ego.[1]

The Fourth Circuit has articulated a two-part test for determining alter ego status.  The Court must first determine "whether substantially the same entity controls both the old and new employer."  Alkire v. NLRB, 716 F.2d 1014, 1019-20 (4th Cir. 1983).  If this step is satisfied, the Court must assess "whether the transfer resulted in an expected or reasonably foreseeable benefit to the old employer related to the elimination of its labor obligations."  Id.

With regard to the first step, the undisputed evidence establishes that substantially the same entity controls Tao and Pharaoh.  As discussed above, Kamose Muhammad served as Tao's Chief Executive from 2004 to 2007.  Since January 2008, he has served as Pharaoh LLC's Chief Executive, President, and Managing Member.  Further, both corporations are in the construction industry.  See Fugazy Continental Corp. v. NLRB, 725 F.2d 1416, 1419 (D.C. Cir. 1984) (noting that identical business purpose is probative of alter ego status).

With regard to the second step, the Fourth Circuit applies the "expected or reasonably foreseeable benefit" test.  See Alkire, 716 F.2d at 1020.  In Kodiak Utility, the court held that

---

[1] Alter ego analysis applies to both traditional labor law disputes and to claims involving employee benefit funds brought under ERISA.  Maryland Elec. Indus. Health Fund v. Kodiak Util. Constr., 289 F. Supp. 2d 698, 701-02 (D. Md. 2003) (citing Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 139 F.3d 304, 308 (1st Cir. 1994)).

this test was satisfied where the two corporations were owned by the same person, controlled by the same person, and the second corporation was created during the pendency of a suit brought to enforce the first corporation's labor obligations. 289 F. Supp. 2d at 703-04. The court observed that "[i]t was at best reasonably foreseeable, and at worst expected, that the [defendants] might evade obligations to plaintiffs by setting up [the alter ego] during the pendency of the . . . proceedings." Id. at 704.

Here, Tao and Pharaoh LLC were controlled by the same person. Likewise, Pharaoh LLC was incorporated in January 2008, while the instant suit against Tao was pending. Given these facts, it was reasonably foreseeable that Tao might benefit from creating Pharaoh LLC to avoid Tao's labor obligations.

In sum, the undisputed facts establish that Pharaoh LLC is Tao's alter ego.[2] Therefore, Pharaoh LLC's motion will be denied.

### B. The Department's Motion

The Department argues that its funds are not subject to garnishment under the principles of sovereign immunity and the State's public policy against attachment.[3]

The Department's sovereign immunity argument misses the mark. In Maryland, funds in the hands of a public officer are not subject to garnishment "unless made so by statute or charter." City of Baltimore v. Comptroller, 292 Md. 293, 296 (1982). The Maryland Court of Appeals has explained that this rule stems from public policy rather than the doctrine of

---

[2] The Court makes this finding only in connection with the motion to quash.

[3] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State." U.S. Const. amend. XI. Stemming from the Eleventh Amendment, the Supreme Court has declared a general principle of state immunity from private suit in federal court unless the State has consented to suit or Congress has abrogated the state's immunity. See, e.g., Lapides v. Bd. of Regents of Univ. Sys. Of Ga., 535 U.S. 613, 618-20 (2002).

sovereign immunity.  See Mayor & City Council of Baltimore v. Hooper, 312 Md. 378, 381

(1988) ("The policy of the law which prevents the laying of attachments in the hands of public

officials seeks to prevent inconvenience and the disruption of public affairs.  That principle

operates independently of whether governmental immunity has been waived as to the

garnishee.").[4]  Accordingly, the sovereign immunity doctrine is inapplicable to the instant case.

Next, the Court turns to the Department's public policy argument.  As discussed above,

the general rule is that the State's funds are not subject to garnishment.  In 1982, however, the

Maryland General Assembly made wages "due from or payable to the State" subject to the

attachment process.  See Md. Code Ann., Com. Law § 15-607 (LexisNexis 2010) (originally

enacted 1982 Md. Laws 489).

In the instant case, the Plaintiffs seek wages owed to them by Tao.  The Department does

not dispute that it owes payment to Pharaoh LLC, which is an alter ego of Tao.  Under these

circumstances, it would work an injustice to hold that the Plaintiffs can recover from Tao and its

alter ego, but not from the Department.[5]

The Department has represented that Pharaoh LLC has an outstanding purchase order of

$9,963.52 for the provision of construction services.  Neither the Department nor the Plaintiffs,

however, have specified what portion of that sum is for wages as opposed to other expenses

incurred by Pharaoh LLC, such as construction supplies.  Accordingly, the Court will direct the

parties to submit a joint status report that addresses their views on the following questions:

---

[4] In Mayor & City Council of Baltimore v. Hooper, the Court of Appeals further distinguished
sovereign immunity from the State's public policy against garnishment.  The court noted that
whereas sovereign immunity is concerned with whether the State "is subject to suit and a
monetary judgment," garnishment actions concern whether the State "is subject to the process by
which the creditor seeks to collect from his debtor."  312 Md. at 381 (quoting Mass Transit
Admin. v. Household Fin. Corp., 292 Md. 313, 316 (1982)).

[5] Because the Court holds that the Plaintiffs may garnish wages owed by the Department to
Pharaoh LLC, the Court need not reach the issue of whether ERISA preempts the State's public
policy.

(i)       Is an outstanding purchase order the same as an outstanding payment?

(ii)      Can the Plaintiffs garnish the entire purchase order/payment due to Pharaoh LLC?

**III.**     **Conclusion**

For the reasons stated herein, the Court will, by separate Order of even date, DENY

Pharaoh LLC's motion (Docket No. 32) and DIRECT the parties to submit a joint status report

regarding the Department's motion.

Dated this <u>20th</u> of September, 2010.       _____/s/_____
                                                Benson Everett Legg
                                                United States District Judge