Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 2, 2013

MEMORANDUM TO COUNSEL RE:   Carpenters' Pension Fund of Baltimore, Md., et al. v. Tao Construction Company, Inc.
Civil Action No. GLR-07-1414

Dear Counsel:

On April 23, 2012, the Honorable Benson E. Legg stayed this action pending resolution of Garnishee Maryland Department of Health and Mental Hygiene's appeal of the Court's March 15, 2012 Order in the United States Court of Appeals for the Fourth Circuit. (ECF No. 60). The Court issues this memorandum to lift the stay, enforce the judgment of the Fourth Circuit, and establish the status of this case.

This matter arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. On May 29, 2007, Plaintiffs filed suit to collect delinquent contributions Tao Construction Company, Inc. ("Tao") owed them. (ECF No. 1). On November 4, 2008, after Tao failed to file a responsive pleading, the Court entered judgment by default in favor of Plaintiffs in the amount of $16,140.64. (See ECF No. 23). On May 4, 2010, Plaintiffs filed a request for a Writ of Garnishment claiming that Tao operated under the trade name "Pharoah Building and Construction" and listing the Maryland Department of Health and Mental Hygiene (the "Department") as garnishee. (ECF No. 28). The same day, the Court issued a Writ of Garnishment. (ECF No. 29).

Approximately one month later, Pharaoh Building and Construction, LLC ("Pharaoh")[1] and the Department filed Motions to Quash the Writ. (ECF Nos. 32-33). Pharaoh argued that its funds could not be garnished because it is a separate entity from Tao. Conversely, the Department moved to quash the Writ on grounds of sovereign immunity and Maryland public policy. On September 20, 2010, the Court denied Pharaoh's Motion, after concluding that the entity is Tao's alter ego, and directed further briefing on the Department's Motion. (ECF Nos. 41-42). Notwithstanding this Order, the Court subsequently convened a hearing to receive oral argument on issues that implicated both Motions, but ultimately decided to address the Department's Motion first. (ECF Nos. 45-46, 48). On March 15, 2012, the Court issued a Letter Order denying the Department's Motion and directing the parties to submit a proposed briefing schedule on the alter ego issue related to Pharaoh's Motion (the "March 15th Order"). (ECF No. 53). On April 16, 2012, the Department filed an appeal of the Court's March 15th Order to the Fourth Circuit. (ECF No. 56). Soon thereafter, Plaintiffs requested a stay of the proceedings pending resolution or dismissal of the Department's appeal, which the Court granted on April 23, 2012. (ECF Nos. 59-60).

---

[1] In its Motion to Quash, Pharaoh concedes that Tao's trade name is "Phar**oa**h Building and Construction," but avers that it, as the limited liability company ("LLC"), is separate and distinct from the trade name. Because the LLC is the entity subject to the Writ, the Court will refer to the LLC's spelling of Pharaoh throughout this memorandum.

On June 26, 2013, the Fourth Circuit reversed the Court's March 15th Order denying the Department's Motion and remanded the case with instructions to quash the Writ. See Carpenters Pension Fund of Baltimore, Md. v. Md. Dep't of Health & Mental Hygiene, --- F.3d ---, No. 12-1480, 2013 WL 3199101 (4th Cir. June 26, 2013). Specifically, the Fourth Circuit held that the Department is entitled to sovereign immunity because the garnishment proceeding is considered a "suit" under the Eleventh Amendment. Id. at *3-*6. Accordingly, it is hereby ORDERED that the Court's March 15, 2012 Order denying the Department's Motion to Quash (ECF No. 53) is VACATED. It is FURTHER ORDERED that the Department's Motion (ECF No. 33) is GRANTED. The Writ of Garnishment of Property issued May 4, 2010 (ECF No. 29) is hereby QUASHED.

Finally, due to the apparent unresolved alter ego issue in this matter, the Court will contact the remaining parties to schedule a conference call. Of particular import to the status of this case is whether the alter ego issue is viable since the Department held the portion of Pharaoh's property that was subject to the Writ. Because the Writ associated with that attempted garnishment is now quashed, the alter ego issue may be moot.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is DIRECTED to docket it accordingly. The Clerk is also DIRECTED to lift the stay in this matter.

    Very truly yours,

    _____/s/_____
    George L. Russell, III
    United States District Judge